UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| DR. REV. KAMEL K. ROY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 08-4005 |
| GEORGE W. BUSH, DICK CHENEY, and CITY OF NEW YORK, | ) |
| Defendants. | ) |

# ORDER

Before the Court is Plaintiff Dr. Rev. Kamel K. Roy's Motion for Leave to Proceed In Forma Pauperis [#1]. For the reasons set forth below, this Motion is GRANTED. However, this matter is DISMISSED as frivolous and for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

## DISCUSSION

Title 28 U.S.C. § 1915 allows any person to commence a civil action without the prepayment of fees if the person is unable to pay those fees. 28 U.S.C. § 1915(a)(1).

Roy submitted an Application to Proceed without Prepayment of Fees and Affidavit. It appears from the partially illegible notations on the application that Roy has monthly income of $625.00 from the Social Security Administration and, possibly, assets totaling $95.00. On these facts, Roy establishes that his is unable to pay court fees.

However, the Court's inquiry does not end with a finding of indigence. The Court must dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A lawsuit is not frivolous unless the plaintiff "can make no rational argument in law or fact to support [his] claims for relief." *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983).

Additionally, Rule 8 of the Federal Rules of Civil Procedure requires that any complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1).

Even with the most liberal reading of the complaint, the fifty-six-page pleading includes court documents with illegible and illogical handwritten notations and other documents that appear entirely unrelated to any cognizable legal claim. The filing also includes portions of orders from other district courts dismissing complaints as frivolous. This pleading fails to comply with the minimal pleading requirements set forth in Rule 8(a).

Another court in this district recently dismissed a similarly incoherent complaint as frivolous and without merit. *Roy v. All State Boards of Election*, Case No. 07-cv-4047 (C.D. Ill. Aug. 21, 2007). Additionally, other district courts have dismissed similar complaints as frivolous and malicious. *See Roy v. United States*, Case No. 06-cv-0685, 2007 WL 1109296 (D. Del. Apr. 11, 2007); *Roy v. State of New York*, 07-cv-0340, 2007 WL 602303 (E.D.N.Y. Jan. 12, 2007).

As the aforementioned courts have found, this Court finds that Roy's Complaint fails to state a legal claim, is frivolous, and fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Accordingly, because the Court can discern no arguably cognizable claims from Roy's pleadings, the Court has no choice but to dismiss the Complaint.

## CONCLUSION

For the reasons set forth herein, the Motion for Leave to Proceed In Forma Pauperis [#1] is GRANTED for the limited purpose of this Order. This matter is DISMISSED as frivolous and for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and for failure to conform to Rule 8(a) of the Federal Rules of Civil Procedure. This matter is terminated.

ENTERED this 30th day of January, 2008.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge